UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA NELSON,

        Plaintiff,                                  Hon. Ellen S. Carmody

v.                                                     Case No. 1:16-CV-642

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On August 17, 2016, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 8). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 57 years of age on her alleged disability onset date.  (PageID.153).  She possesses a tenth grade education and worked previously as a grocery clerk and a grocery stock clerk.  (PageID.46, 61).  Plaintiff applied for benefits on December 6, 2013, alleging that she had been disabled since October 30, 2012, due to high cholesterol, chronic obstructive pulmonary disease (COPD), depression, and borderline diabetes.  (PageID.153-59, 190).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (PageID.89-151).  On June 30, 2015, Plaintiff appeared before ALJ Nicholas Ohanesian with testimony being offered by Plaintiff and a vocational expert.  (PageID.52-82).  In a written decision dated July 17, 2015, the ALJ determined that Plaintiff was not disabled.  (PageID.39-48).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (PageID.20-24).  Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from chronic obstructive pulmonary disease, a severe impairment that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.41-42). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work limited to only frequent exposure to cold and pulmonary irritants. (PageID.42).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 4,200,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations

notwithstanding. (PageID.65-71). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The vocational expert also testified that if Plaintiff were further limited to sedentary work with only frequent exposure to cold and pulmonary irritants there existed approximately 2,900,000 jobs which Plaintiff could still perform. The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.   **The ALJ's RFC Determination is Supported by Substantial Evidence**

Plaintiff argues that she is entitled to relief because the ALJ "erred in evaluating [her] residual functional capacity." Specifically, Plaintiff appears to argue that she cannot perform work on a regular and continuing basis, but instead can perform activities for only ten minutes before having to sit and rest for "probably" fifteen minutes. (ECF No. 16 at PageID.371-72). The meager evidence of record, however, does not support the proposition that Plaintiff is so severely limited.

X-rays of Plaintiff's chest revealed no evidence of infiltrates, effusion, or acute disease. (PageID.269, 275). Treatment notes indicate that use of an inhaler has been "very helpful" for Plaintiff. (PageID.270, 285, 294). A consultive examination revealed that Plaintiff's lungs were "clear throughout but with diminished breath sounds and prolonged expiratory phase." (PageID.316). The doctor further observed that Plaintiff "had no cyanosis, clubbing, or pursed lip breathing. . .did not cough during the assessment. . .[and] did not appear dyspneic as a result of the routine exam maneuvers." (PageID.316). The doctor concluded that "it does appear that [Plaintiff]

6

would not be able to exert beyond a sedentary or light level." (PageID.316). The medical evidence is not inconsistent with the ALJ's RFC determination.

Plaintiff's reported activities are likewise not inconsistent with the ALJ's RFC assessment. Plaintiff reported that she performs "basic housework and shopping" (315) Plaintiff's sister-in-law reported that Plaintiff performs a variety of activities including washing laundry, house cleaning, shopping, camping, and attending sporting events. (PageID.205-09). She also reported that Plaintiff can walk one-half block and lift 30 pounds. (PageID.210). Treatment notes dated February 17, 2015, indicate that Plaintiff "recently started smoking again." (PageID.335).

In sum, the ALJ's RFC determination is supported by substantial evidence. Moreover, even if Plaintiff were further limited to sedentary work, the vocational expert testified that there existed a significant number of jobs which Plaintiff could perform at such a functional level. This argument is, therefore, rejected.

**II.        Plaintiff does not Satisfy the Listings**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff also argues that she satisfies Section 3.02 (Chronic Pulmonary Insufficiency) of the Listings. Plaintiff's argument fails for two reasons.

First, Plaintiff's argument is premised upon the consideration of evidence which was not presented to the ALJ. This Court is precluded from considering such material. *See Cline v. Commissioner of Social Security*, 96 F.3d 146-48 (6th Cir. 1996). If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it to

the ALJ, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006). Plaintiff has not requested that the Court remand this matter for consideration of this evidence. Plaintiff has, therefore, waived any such argument. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived).

Plaintiff bears the burden to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). An impairment satisfies a listing, however, "only when it manifests the specific findings described in all of the medical criteria for that particular impairment." *Lambert v. Commissioner of Social Security*, 2013 WL 5375298 at *8 (W.D. Mich., Sept. 25, 2013) (citing 20 C.F.R. §§ 404.1525(d) and 416.925(d)). The ALJ specifically considered whether Plaintiff satisfied Section 3.02 of the Listings, but concluded that the evidence did not satisfy the Listings' requirements. (PageID.42). Plaintiff has failed to articulate any argument that the ALJ's analysis and conclusion is not supported by substantial evidence. Accordingly, this argument is rejected.

**III.**       **The ALJ Properly Evaluated the Medical Evidence**

Plaintiff asserts that the ALJ "failed to give adequate weight to the opinion of [her] treating physician." The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Plaintiff has failed to develop this argument. Plaintiff has failed to identify any opinion by her treating physician to which the ALJ was required to accord deference. While Plaintiff notes that her doctor suggested that she "cannot do a very physical job" and is allegedly incapable of performing work on a regular and sustained basis, the ALJ need not defer to such opinions as they are vague and concern the ultimate question whether Plaintiff is disabled, a matter reserved to the commissioner. *See* 20 C.F.R. § 404.1527(d)(1). Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date:  February 8, 2017                                              /s/ Ellen S. Carmody
                                                                              ELLEN S. CARMODY
                                                                              United States Magistrate Judge